IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:15-CR-98-2 |
| | ) | |
| JOSHUA ALAN MCNEELY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The defendant-inmate, Joshua McNeely, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. McNeely asks the Court to reduce his sentence to time served based on the pandemic and his medical conditions. Because he has not shown extraordinary and compelling circumstances and the § 3553(a) factors do not support a sentence reduction, the motion will be denied.

### I. Procedural History

On May 5, 2016, Mr. McNeely pled guilty to one count of conspiracy to distribute heroin. Minute Entry 05/05/2016; Doc. 139. The Court sentenced him on February 22, 2017, to 162 months imprisonment. Minute Entry 2/22/2017; Doc. 175. His conviction was affirmed on appeal. Docs. 184–86.

On February 2, 2021, the warden of USP Allenwood denied Mr. McNeely's compassionate release request. Doc. 204 at 2. Mr. McNeely then filed this motion for compassionate release, asking the Court to reduce his sentence to time served. Briefing is now complete.

## II. Background

Mr. McNeely has been committing crimes since he was 18 years old. He began with a slew of misdemeanor larcenies and trespasses and a conviction for reckless driving between the ages of 18 and 22. *See* Doc. 149 at ¶¶ 42–48.[1] His first felonies came at age 23, when he was convicted on two felony drug charges for selling and manufacturing Schedule II controlled substances, shortly followed by multiple convictions for felony forgery of an instrument. *Id.* at ¶¶ 49–50. While on probation for these crimes, he committed five new drug felonies in connection with a heroin and opium conspiracy, a felony breaking or entering a motor vehicle, and a felony common law robbery. *Id.* at ¶¶ 55–57. He spent a significant amount of time in prison for these crimes and other misdemeanors. *See id.* at ¶¶ 49–57. In the few years following his release, he was convicted of about a dozen other various misdemeanors for larceny, trespass, and vehicle or traffic violations, often receiving probationary sentences. *See id.* at ¶¶ 58–67.

While on probation, *id.* at ¶ 70, Mr. McNeely was selling heroin, which led to the charges underlying the instant conviction. *Id.* at ¶¶ 18–20. He sold significant amounts of heroin to at least two buyers on a regular basis, *id.* at ¶ 18, and in August 2014, Mr. McNeely sold heroin to a cooperating witness, using his girlfriend and a minor child to deliver the drugs. *Id.* at ¶ 20.

After indictment, Mr. McNeely pled guilty to one count of felony conspiracy to distribute heroin pursuant to a plea agreement. Minute Entry 5/05/2016; Doc. 139. At

---

[1] The Court determined that the 3-level enhancement in paragraph 33 of the presentence report did not apply, but otherwise adopted the report without change. Doc. 176 at 1.

his sentencing hearing in February 2017, the Court found Mr. McNeely to be a career offender because of prior North Carolina convictions for selling a controlled substance and common law robbery. Doc. 176 at 1; Doc. 149 at ¶ 36. Even without the career offender enhancement, his criminal history category was VI. Doc. 183 at 15; Doc. 149 at ¶¶ 71–72. The guideline range was 151 to 188 months, and the Court sentenced Mr. McNeely to 162 months imprisonment followed by three years supervised release. Doc. 183 at 15, 33.

Mr. McNeely has been in custody since March 31, 2016, and he is now 40 years old. Doc. 149 at 1, 3. He suffers from a host of medical maladies, including chronic kidney disease, skin cancer, hematoma, urinary tract infections, and a deep, open wound in his leg. Doc. 212-3 at 1. The CDC advises that persons with kidney disease or cancer are at increased risk of severe illness if they contract COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 24, 2021).

FCI Allenwood Low reports that one inmate is currently positive for COVID-19 and that 231 inmates and 21 staff members have recovered since the start of the pandemic. *See COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 24, 2021). The entire three-building Allenwood Correctional Complex reports 432 staff members and 1,732 inmates have been fully vaccinated. *See COVID-19 Vaccine Implementation*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 24, 2021). Mr. McNeely was offered the vaccine in February 2021 but refused to accept it. Doc. 215-1 at 541.

While incarcerated, Mr. McNeely has received well over a dozen disciplinary infractions for violations ranging from possession of unauthorized items to threatening bodily harm and assault. Doc. 213 at 1–3. His most recent infraction was earlier this year for possessing an unauthorized item. *Id.* at 1. He has completed some 250 hours of various educational courses and programming while at the BoP. *Id.* at 3–5. His projected release date is December 30, 2027. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 24, 2021).

Mr. McNeely says that if released he will use "contacts on the outside" to secure rental housing. Doc. 218 at 10. He also referenced his parents as an option for the future, but they are not willing to open their home to Mr. McNeely when he is first released because of the "extensive turmoil" he has caused them. Doc. 212 at 13; Doc. 213 at 5.

## III. Discussion

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), often somewhat inaccurately called the "compassionate release" statute, is one such statutory provision. For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the defendant must first satisfy the administrative exhaustion requirement. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The defendant must then show that extraordinary and compelling reasons warrant such a reduction, that the reduction is consistent with applicable policy statements issued by the

4

Sentencing Commission, and that the relevant § 3553(a) sentencing factors merit a reduction. *See United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).

Mr. McNeely has satisfied the exhaustion requirement. He submitted a compassionate release request, which the warden denied. *See* Doc. 204 at 2. The government concedes that he has exhausted his administrative remedies. Doc. 214 at 7.

Mr. McNeely has not shown extraordinary and compelling circumstances. While his chronic kidney disease and skin cancer are risk factors for severe complications should he contract COVID-19, his risk of contracting the virus is low. Between inmates and staff at FCI Allenwood Low, there is currently one reported case and 1,732 of the 2,724 inmates at the three-building Allenwood complex are fully vaccinated. *See COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 24, 2021); *COVID-19 Vaccine Implementation*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 24, 2021). There is no evidence to suggest that a new outbreak is imminent. Mr. McNeely has been offered the vaccine, Doc. 215-1 at 541, which would significantly lower his risk.

In the absence of a significant COVID-19 outbreak, Mr. McNeely is not presently at a high risk of contracting the virus and, thus, he is not at high risk of severe complications from the virus. He has not shown extraordinary and compelling circumstances arising out of the pandemic.

The increased exposure to the virus in a prison's congregate living situation is not an extraordinary and compelling circumstance by itself. *See United States v Chavis*, No. 1:18-CR-481-3, 2021 WL 2784653, at *3 (M.D.N.C. July 2, 2021); *United States v.*

5

*Dunham*, No. 3:06-CR-00456-FDW, 2021 WL 4188420, at *2 (W.D.N.C. Sept. 14, 2021). Nor is it extraordinary and compelling on the facts here. First, well over half of the inmates in the Allenwood complex have been vaccinated, significantly reducing the risk to Mr. McNeely. Second, Mr. McNeely has chosen not to be vaccinated, Doc. 215-1 at 541, so some of the increased risk is the result of his own decisions, and he is likely to be at high risk in the community as well, especially since he has no solid release plan. Finally, the low numbers indicate that the Bureau of Prisons is appropriately managing the pandemic at FCI Allenwood Low.

Mr. McNeely also asserts that he is receiving inadequate medical care for serious health issues and, somewhat indirectly, that this constitutes an extraordinary and compelling circumstance. *See* Doc. 218 at 3–6. The available records show that Mr. McNeely is receiving regular medical care for his conditions, and there is no evidence from a health care professional that the care is substandard. *See generally* Doc. 215-1. BoP medical staff have credibly reported multiple instances in which Mr. McNeely has refused treatment. *Id.* at 9, 25, 30, 47. Mr. McNeely does not have a release plan that explains how he will obtain different or better medical care if his sentence is reduced.[2]

Even assuming Mr. McNeely could show extraordinary and compelling circumstances, the § 3553(a) factors do not support release. He is currently incarcerated for conspiracy to distribute heroin, a serious offense. Doc 175 at 1. He has served less

---

[2] When he was living in the community, Mr. McNeely did not obtain appropriate medical care for the infection resulting from his leg injury, which occurred before the criminal conduct at issue. *See* Doc. 149 at ¶ 84.

6

than six years of a 13 1/2-year sentence.  Doc. 149 at 1; Doc. 175 at 2.  A sentence reduction to time served would not reflect the seriousness of the offense.

Nor would a reduced sentence protect the public.  Mr. McNeely has an extensive criminal history, including multiple felony drug offenses, and he has obtained career offender status.  *See* Doc. 149 at ¶¶ 42–67, 72.  The multiple shorter sentences he served for earlier felony drug offenses did not deter him from the drug crimes underlying his current sentence.  *Id.* at ¶¶ 4, 49, 55.  While he has completed a significant number of educational courses since April 2019, Doc. 213 at 3–5, he has also accrued 17 disciplinary infractions since June 2017, including use and possession of drugs or alcohol, assault without serious injury, and multiple instances of threatening bodily harm.  *Id.* at 1–3.  His extensive disciplinary record does not reflect rehabilitation or a willingness to follow societal rules.

Finally, Mr. McNeely does not have a good release plan.  He did not provide firm plans for housing, employment, or medical treatment and he gave no information about a viable support network in the community.

Mr. McNeely has not shown extraordinary and compelling circumstances and the § 3553(a) factors do not support a sentence reduction.  The motion will be denied.

It is **ORDERED** that the defendant's motion for compassionate release, Doc. 212, is **DENIED**.

This the 27th day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

7

Case 1:15-cr-00098-CCE   Document 219   Filed 09/27/21   Page 7 of 7